USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/24/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
YOVANNY DOMINGUEZ, *on behalf of all other persons similarly situated*,

                Plaintiff,

-against-

CKE RESTAURANTS HOLDINGS, INC.,

                Defendant.
----------------------------------------------------------------X

1:19-cv-10816-GHW

MEMORANDUM OPINION
AND ORDER

GREGORY H. WOODS, United States District Judge:

    This is another case where a visually impaired person has sued a company for failing to stock Braille or otherwise accessible gift cards. Because this complaint suffers from the same pitfalls as those in *Dominguez v. Banana Republic, LLC*, No. 1:19-CV-10171-GHW, 2020 WL 1950496 (S.D.N.Y. Apr. 23, 2020)[1], the Court comes to the same conclusion and GRANTS Defendant's motion to dismiss.

## I. BACKGROUND

    Like the allegations in *Banana Republic*, the facts presented in the complaint are relatively straightforward.

    CKE Restaurants Holdings, Inc ("Defendant" or "CKE") is the parent company of Carl's Jr., a restaurant chain. First Amended Complaint ("FAC"), Dkt. No. 20, ¶ 34. Like many other businesses, CKE offers consumers the opportunity to purchase "pre-paid cash cards, colloquially referred as 'store gift cards,'" that can be used in place of cash at its stores. FAC ¶ 4 & n.2. Though they look and feel like credit cards, *see* FAC ¶ 43, they are redeemable only at "a specified merchant or affiliated merchants." FAC ¶ 37 & n.4.

---

[1] Indeed, both parties here are represented by the same counsel as the parties in *Banana Republic*.

On October 26, 2019, Yovanny Dominguez ("Plaintiff") called CKE's customer service office to ask whether its restaurants sold Braille gift cards. *See* FAC ¶ 24. An employee told him that CKE did not. *See* FAC ¶ 24. During that call, the employee did not offer Plaintiff any alternative auxiliary aids or services. *See* FAC ¶ 25. Sometime later, Plaintiff unsuccessfully attempted to locate accessible CKE gift cards on his own. *See* FAC ¶ 26. The lack of an accessible gift card deterred Plaintiff from "fully and equally us[ing] or enjoy[ing]" the "facilities, goods, and services Defendant offers to the public at its restaurants." FAC ¶ 42. As soon as accessible gift cards are available, however, "Plaintiff intends to immediately go purchase" one. FAC ¶ 45.

Plaintiff sued CKE under the ADA, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*, seeking compensatory damages, punitive damages, and a permanent injunction to "cause a change in Defendant's corporate policies, practices, and procedures so that Defendant's store gift cards will become and remain accessible to blind and visually-impaired consumers," and, of course, attorney's fees.

CKE moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II. ANALYSIS

The Court refers the reader to the legal standard articulated in Part II of *Banana Republic*, 2020 WL 1950496, at *2. The discussion and application of the law there applies in equal force in here.

Because the Plaintiff here has failed to provide the Court with sufficient evidence of his intent to return to Carl's Jr.'s restaurants, he, like the plaintiff in *Banana Republic*, lacks standing to assert his ADA claim. There is virtually no difference between the two complaints: in both cases, Dominguez generically asserts that "[s]everal of [Defendant's] restaurants are located in the Southern District of New York, and in close proximity to Plaintiffs residence" and notes that he "has been a customer at Defendant's stores on prior occasions and intends to immediately purchase

2

at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind and utilize it at Defendant's restaurant." FAC ¶¶ 29, 35. The intent-to-return inquiry, as explained in *Banana Republic*, is a "highly fact-sensitive inquiry that incorporates a range of factors" such as "the frequency of the plaintiff's past visits" and "the proximity of the defendant's services, programs, or activities to the plaintiff's home" along with any other factors "relevant to the calculation" including the plaintiff's "occupation or demonstrated travel habits." *Bernstein v. City of New York*, 621 F. App'x 56, 59 (2d Cir. 2015) (citing *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013) (per curiam) and *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d. Cir. 2008)). And Dominguez never asserts, for instance, that he generally frequents local fast food restaurants or nearby burger joints. *See Banana Republic,* 2020 WL 1950496, at *4.

Plaintiff's ADA claim would also fail under Rule 12(b)(6) for all of the reasons identified in *Banana Republic*. *See* 2020 WL 1950496, at *5–12. Indeed, there are no substantive differences between either the complaint or the briefing in this case and *Banana Republic* that would compel a different conclusion.

Because the Court would dismiss Plaintiff's ADA claims, it need not engage in a substantive analysis of the merits of Plaintiff's NYSHRL and NYCHRL claims; this Court would decline to exercise supplemental jurisdiction over Plaintiff's state and city claims. *See Banana Republic*, 2020 WL 1950496, at *5, 12.

### III. CONCLUSION

This case is indistinguishable from *Banana Republic*. It should therefore come as no surprise that the Court comes to the exact same conclusion.

For these reasons, Defendant's motion to dismiss is GRANTED. Within fifteen days, Plaintiff may file a second amended complaint to cure the deficiencies articulated in this opinion by alleging additional facts about the interactions he has had with CKE. If no amended complaint is filed within that time frame, the Court will enter a final judgment of dismissal and direct the Clerk of

Court to close this case.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 22.

SO ORDERED.

Dated: April 24, 2020

_____
GREGORY H. WOODS
United States District Judge

4